UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GEORGE I. OJEISEKHOBA,<br><br>    Plaintiff,<br>v.<br>I.C.E. and HENDERSN DETENTION CENTER MEDICAL STAFF,<br><br>    Defendants. | Case No. 2:12-cv-01529-MMD-VCF<br><br>ORDER |

Plaintiff, an individual detained in the Henderson Detention Center on an immigration hold, filed his application to proceed *in forma pauperis* and his original civil rights complaint on August 28, 2012 (dkt. no. 1). Almost immediately thereafter, plaintiff moved to file an amended complaint (dkt. no. 2). The Court granted his *in forma pauperis* application, but ordered payment of an initial installment toward the fee and granted the motion to amend (dkt. no. 3). The amended complaint has been filed (dkt . no. 4) and the initial installment has paid (dkt. no. 5). The amended complaint is subject to the provisions of the Prisoner Litigation Reform Act as discussed below.

**I.    SCREENING PURSUANT TO 28 U.S.C. § 1915A**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a

claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5,

9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

A reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S.Ct. 1937, 1950 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.* "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II.    DISCUSSION**

While plaintiff has used the Court's civil complaint form for filing a civil rights action pursuant to 42 U.S.C. § 1983, he does not actually allege any federal constitutional violations. However, the Court must construe a pro se litigant's pleadings liberally. *Balistreri*, 901 F.2d. at 699. Thus, a discussion of his claims in the context of federal constitutional guarantees is appropriate.

///

3

### A.    The Allegations

Plaintiff raises five claims for relief contending that he has been subjected to "medical neglect and mistreatment that constitute[s] abuse...." (count I), medical neglect and mistreatment by negligence..." (count II), "medical neglect and mistreatment that leads to torture..." (count III), "medical neglect...in the process of a blood draw" (count IV), and "medical neglect that leads to suffering and torture..." (count V).  Plaintiff names I.C.E. (Immigrations and Customs Enforcement) and the Henderson Detention Center Medical Staff as defendants in their official capacity.

Specifically in count I, plaintiff contends that on April 14, 2012, the night nurse at the detention center gave him the wrong medication and when plaintiff advised the nurse of the mistake, the nurse "becam [sic] very aggressive," took the mistaken medication away and, in the process of handing plaintiff the correct medication "aggressively pinched" plaintiff's palm.  Additionally, the nurse (John Doe #1, a female), spoke inappropriately to plaintiff.

In count II, plaintiff claims that on April 19, 2012, the defendant (nurse John Doe #2) gave plaintiff "too much medicine" and when advised it was too much, the nurse took back the extra dosage.  Plaintiff contends the error "could have lead to an overdose."  He does not allege that he suffered any actual harm from this encounter.

In count III, plaintiff alleges medical neglect and mistreatment that "leads to torture" by defendant nurses John Doe #1 and John Doe #3.  In this instance, on April 21, 2012, the nurse (Doe #1) dispensed the wrong medication to plaintiff, which he ingested.  Thereafter, plaintiff alleges he "almost had a heart attack" suffered rapid heart beat, raised blood pressure, and a sense of being very high.  Upon noticing the symptom, the defendants administered another medication to reduce the blood pressure.  Plaintiff complains this medication left him feeling extremely itchy and the itchiness lasted all night.  Plaintiff asserts that he is still suffering a "multitude of pains, mentally, physically" and that he has been diagnosed with PTSD.

///

In count IV, plaintiff alleges that on May 11, 2012, a female nurse (John Doe #4) came and drew his blood using a very large needle to draw two vials of blood and then used a second smaller needle in a different vein to draw a third vial. The blood draw did not go smoothly as the nurse had difficulty finding a vein and plaintiff suffered bruising in the area. Plaintiff alleges these actions were unprofessional. He does not allege, however, that he suffered any injury apart from the bruising.

In this count, plaintiff also alleges that he "resubmit[ted]" a request to see both a psychiatrist and a physician, but that neither request was answered.

In count V, plaintiff avers that he suffered medical neglect leading to suffering and torture while in I.C.E. custody. Specifically, plaintiff relates that he notified I.C.E. of the above-described incidents through grievances and made written requests to see a physician or psychiatrist, but those requests were not answered. He asserts that he was unable to complete an interview with a representative from his consulate because he was "unstayble [sic]" and very sick mentally. Plaintiff alleges that after this interview he again requested a doctor visit, which request was denied.

A week later, after another attempted interview with the consulate, the foreign representative allegedly requested that I.C.E. get plaintiff treatment before anything else transpired. Plaintiff advises he saw a psychiatrist on May 24, 2012, and was diagnosed with posttraumatic stress disorder (PTSD). Plaintiff complains that defendants "let [him] suffer for over thirty five days before allowing the psychiatric visit."

**B.    Section 1983 Legal Standards**

To state a claim under 42 U.S.C. § 1983, a plaintiff must plead that the defendants acting under color of state law deprived plaintiff of rights secured by the Constitution or federal statutes. *Gibson v. United States,* 781 F.2d 1334, 1338 (9th Cir. 1986); *see also WMX Techs., inc. v. Miller,* 197 F.3d 367, 372 (9th Cir. 1999) (en banc). The statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or

> other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983. As previously noted, plaintiff does not plead these required elements, but because plaintiff used the civil rights form, is pro se and a foreign national likely unfamiliar with the applicable constitutional provisions, the Court shall construe the claims as arising under the Eighth Amendment's prohibition of cruel and unusual punishment.

### C. Unconvicted Detainee and the Eighth Amendment

Plaintiff is an immigration detainee who has not been adjudicated a criminal. Therefore his claims must be viewed through the filter of due process as guaranteed under the Fourteenth Amendment. The Fourteenth Amendment affords pretrial detainees protections from excessive force and violence at least as strong as those afforded under the Eighth Amendment. *City of Revere v. Massachusetts General Hosp.,* 463 U.S. 239, 244 (1983). "Under the Due Process Clause, detainees have a right against conditions or restrictions that "amount to punishment." *Pierce v. County of Orange,* 526 F.3d 1190, 1205 (9th Cir. 2008). Thus, if denial or undue delay of medical care would amount to punishment, the Eighth Amendment standard applies.

"Denial of medical attention to prisoners constitutes an [E]ighth [A]mendment violation [only] if the denial amounts to deliberate indifference to serious medical needs of the prisoners." *Toussaint v. McCarthy*, 801 F.2d 1080, 1111(9th Cir. 1986), abrogated in part on other grounds by *Sandin v. Connor*, 515 U.S. 472 (1995) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc). Prison officials are deliberately indifferent to a prisoner's serious medical needs when they "deny, delay, or intentionally interfere with medical treatment.... Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's

Eighth Amendment rights." *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000)quoting *Estelle v. Gamble*, 429 U.S. 97, 104 S.Ct. 285(1976).

Negligence in treating a medical condition, however, does not state a valid claim of denied medical care under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Jett*, 439 F.3d at 1096; *Toguchi v. Chung*, 391 F.3d 1051, 1057, 1060 (9th Cir. 2004) (stating that "[d]eliberate indifference is a high legal standard."); *Clement*, 298 F.3d at 904-05. Isolated occurrences of neglect do not constitute deliberate indifference to serious medical needs. *See Jett*, 439 F.3d at 1096; *McGuckin*, 974 F.2d at 1060; *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990); *18 Unnamed "John Smith" Prisoners v. Meese*, 871 F.2d 881, 883 n.1 (9th Cir. 1989); *Toussaint*, 801 F.2d at 1111. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Toguchi*, 391 F.3d at 1060.

Plaintiff's allegations relating to the dispensing of his medication and to the blood draw are, on their face, insufficient to state a federal constitutional violation. Negligent nursing practice which causes pain, but which is done in an attempt to treat plaintiff's medical condition, does not show a deliberate indifference to a significant medical need. Plaintiff has not stated a claim for relief under § 1983 on the facts alleged in counts I through IV. Those claims shall be dismissed.

As to count V, delay of, or interference with, medical treatment can amount to deliberate indifference. *See Jett*, 439 F.3d at 1096; *Clement*, 298 F.3d at 905. Where the prisoner is alleging that delay of medical treatment evinces deliberate indifference, however, the prisoner must show that the delay led to further injury. *See Hallett*, 296 F.3d at 745-46; *McGuckin*, 974 F.2d at 1060; *Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam).

Plaintiff has alleged that his requests to see a mental health professional or psychiatrist were ignored for more than 35 days. He implies, but does not state outright, that the negligent medical treatment he received caused the PTSD. Moreover, while he

claims that he suffered extreme mistreatment and torture, the acts described do not amount to that as it is implausible that such minor acts or harms as pinching his palm or causing a bruise while drawing blood could be the cause of this diagnosis.  *See Ashcroft v. Iqbal*, 556 U.S. at 678-79, 129 S.Ct. at 1950.  Count V shall also be dismissed for failure to state a claim for which relief may be granted under the Civil Rights Act, 42 U.S.C. § 1983.

Plaintiff's amended complaint shall be dismissed without prejudice.  Plaintiff will be given an opportunity to amend his complaint once more if he believes he can provide sufficient additional facts to meet the elements of a § 1983 claim for violation of his rights under the Eighth Amendment.

## III.    CONCLUSION

Plaintiff's complaint fails to state a claim for which relief may be granted under 42 U.S.C. § 1982.  His claims may be viable under some state law theory,[1] but this Court shall not exercise its supplemental jurisdiction where no federal claim or other circumstances exist to establish the Court's primary jurisdiction.  *See* 28 U.S.C. § 1331 *et seq.*; 1367(c).  Plaintiff will be given an opportunity to amend the complaint.  If plaintiff elects to proceed in this action by filing an amended complaint, he is advised that he should specifically identify each defendant to the best of his ability, clarify what constitutional right he believes each defendant has violated and support each claim with factual allegations about each defendant's actions.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly.  *See Swierkeiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); Fed. R. Civ. P. 8.

---

[1] The Court makes no finding that plaintiff presents any claim that would be viable under state law.

Plaintiff is informed that the Court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

IT IS THEREFORE ORDERED that the Amended Complaint is dismissed without prejudice. The Clerk shall send to plaintiff a form and instructions for preparing and filing a civil rights complaint. Plaintiff shall have thirty (30) days from entry of this order to file his Second Amended Complaint. It shall be entitled Second Amended Complaint and shall reference the case number assigned to this action. Failure to timely file the Second Amended Complaint will result in dismissal of this action with prejudice.

DATED THIS 24th day of October 2012.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE