UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| GEORGE I. OJEISEKHOBA, | Case No. 2:12-cv-01529-MMD-VCF |
| Plaintiff, | ORDER |
| v. | |
| I.C.E. and HENDERSN DETENTION CENTER MEDICAL STAFF, | |
| Defendants. | |

Plaintiff, an individual detained in the Henderson Detention Center on an immigration hold, filed his application to proceed *in forma pauperis* and his original civil rights complaint on August 28, 2012 (dkt. no. 1). After screening of the amended complaint (dkt. no. 4), the Court dismissed it with leave to amend (dkt. no. 7). The second amended complaint (dkt. no. 8) is subject to the provisions of the Prisoner Litigation Reform Act as discussed below.

**I.    SCREENING PURSUANT TO 28 U.S.C. § 1915A**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however,

must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide

more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

A reviewing court should "begin by identifying [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S.Ct. 1937, 1950 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.* "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II.   DISCUSSION**

    **A.   The Allegations**

Plaintiff raises three claims for relief alleging violations of his Eighth and Fourteenth Amendment rights to proper medical care.

In count I, plaintiff alleges his Fourteenth Amendment right as an un-convicted detainee was violated where the medical care amounted to punishment. Specifically, plaintiff alleges that he was given the wrong medication by defendant John Doe #1 and when he made the nurse aware of the error, John Doe #1 became very aggressive, took back the medication and in dispensing the correct medication, she pinched his hand

and spoke inappropriately. These actions, plaintiff alleges, were cruel and inhumane, given his medical condition, which gives him "fuzzy thinking."

These allegations duplicate those presented in his original complaint.

In count II, plaintiff claims that on April 21, 2012, the nurse (Doe #1) dispensed the wrong medication to plaintiff, which he ingested. Thereafter, plaintiff alleges he "almost had a heart attack," suffered rapid heartbeat, raised blood pressure, and a sense of being very high.  Upon noticing the symptom, the defendants administered another medication to reduce the blood pressure.  Plaintiff complains this medication left him feeling extremely itchy and the itchiness lasted "more than two hours."  Plaintiff asserts that because of the symptoms he suffered due to this error he has been diagnosed with PTSD. These allegations mirror those made in his previous complaint.

In count III, plaintiff repeats claims from his amended complaint in which he alleged that he suffered medical neglect leading to suffering and torture while in "I.C.E." custody.  Specifically, plaintiff relates that he notified I.C.E. of the above-described incidents through grievances and made written requests to see a physician or psychiatrist, but those requests were not answered.  He asserts that he was unable to complete an interview with a representative from his consulate because he was unstable and very sick mentally. Plaintiff alleges that after this interview he again requested a doctor visit, which request was denied.

A week later, after another attempted interview with the consulate, the foreign representative allegedly requested that I.C.E. get plaintiff treatment before anything else transpired.  Plaintiff advises he saw a psychiatrist and was diagnosed with posttraumatic stress disorder (PTSD).  Plaintiff complains that defendants "let [him] suffer for over thirty five days" before allowing the psychiatric visit.  He claims to have been damaged mentally, physically and emotionally.

**B.    Section 1983 Legal Standards**

To state a claim under 42 U.S.C. § 1983, a plaintiff must plead that the defendants acting under color of state law deprived plaintiff of rights secured by the

1  Constitution or federal statutes.  *Gibson v. United States,* 781 F.2d 1334, 1338 (9th Cir.
2  1986); *see also WMX Techs., inc. v. Miller,* 197 F.3d 367, 372 (9th Cir. 1999) (en banc).
3  The statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983.

### C.  Unconvicted Detainee and the Eighth Amendment

Plaintiff is an immigration detainee who has not been adjudicated a criminal. Therefore his claims must be viewed through the filter of due process as guaranteed under the Fourteenth Amendment. The Fourteenth Amendment affords pretrial detainees protections from excessive force and violence at least as strong as those afforded under the Eighth Amendment. *City of Revere v. Massachusetts General Hosp.,* 463 U.S. 239, 244 (1983). "Under the Due Process Clause, detainees have a right against conditions or restrictions that "amount to punishment." *Pierce v. County of Orange,* 526 F.3d 1190, 1205 (9th Cir. 2008).  Thus, if denial or undue delay of medical care would amount to punishment, the Eighth Amendment standard applies. "Denial of medical attention to prisoners constitutes an [E]ighth [A]mendment violation if the denial amounts to deliberate indifference to serious medical needs of the prisoners." *Toussaint v. McCarthy*, 801 F.2d 1080, 1111(9th Cir. 1986), abrogated in part on other grounds by *Sandin v. Connor*, 515 U.S. 472 (1995) (*citing Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by *WMX Techs*, 104 F.3d 1133. Prison officials are deliberately indifferent to a prisoner's serious medical needs when they "deny, delay, or intentionally interfere with medical treatment. . . . Mere negligence in diagnosing or treating a medical condition, without more, does

///

not violate a prisoner's Eighth Amendment rights." *Lopez v. Smith,* 203 F.3d 1122, 1131 (9th Cir. 2000) *quoting Estelle*, 429 U.S. at 104 S.Ct. 285.

As this Court has previously advised plaintiff, negligence in treating a medical condition, however, does not state a valid claim of denied medical care under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Jett*, 439 F.3d at 1096; *Toguchi v. Chung*, 391 F.3d 1051, 1057, 1060 (9th Cir. 2004) (stating that "[d]eliberate indifference is a high legal standard."); *Clement*, 298 F.3d at 904-05. Isolated occurrences of neglect do not constitute deliberate indifference to serious medical needs. *See Jett*, 439 F.3d at 1096; *McGuckin*, 974 F.2d at 1060; *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990); *18 Unnamed "John Smith" Prisoners v. Meese*, 871 F.2d 881, 883 n.1 (9th Cir. 1989); *Toussaint*, 801 F.2d at 1111. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Toguchi*, 391 F.3d at 1060.

Plaintiff's allegations relating to the dispensing of his medication remain insufficient to state a federal constitutional violation. Negligent nursing practice which causes pain, but which is done in an attempt to treat plaintiff's medical condition, does not show a deliberate indifference to a significant medical need. Plaintiff has not stated a claim for relief under § 1983 on the facts alleged in counts I and II. Those claims shall be dismissed with prejudice as it does not appear that further attempts to amend beyond the two already granted would result in success.

As to count III, delay of, or interference with, medical treatment can amount to deliberate indifference. *See Jett*, 439 F.3d at 1096; *Clement*, 298 F.3d at 905. Where the prisoner is alleging that delay of medical treatment evinces deliberate indifference, however, the prisoner must show that the delay led to further injury. *See Hallett*, 296 F.3d at 745-46; *McGuckin*, 974 F.2d at 1060; *Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam).

///

Plaintiff has alleged that his requests to see a mental health professional or psychiatrist were ignored for more than 35 days. His continuing claims that he suffered extreme mistreatment and torture despite describing acts that do not amount to anything more than negligence and instances of poor manners on the part of John Doe #1 remain implausible. The minor harms alleged in his complaint, such as pinching plaintiff's palm or causing itching for a couple of hours, do not amount to torture. However, Plaintiff also claims that the negligent medical treatment he received and the delay in response to his request for treatment caused him to suffer PTSD. Taking his allegations as true, plaintiff has stated a colorable claim under the Eighth Amendment that the delay in getting him treatment by a psychiatrist led to further injury (i.e., PTSD). Plaintiff's second amended complaint shall proceed on an Eighth Amendment claim of delayed medical care. However, this claim may only proceed as to the Henderson Detention Center Medical Staff. I.C.E. will be dismissed from this action because it is not a "person" for purposes of this action. *See Gerritsen v. Consulado General De Mexico,* 989 F.2d 340, 343 (9th Cir.1993) (A federal agency is immune from a section 1983 suit absent revocation of that immunity by Congress.); *Billings v. U.S.,* 57 F.3d 797, 801 (9th Cir.1995) (Section 1983 provides no cause of action against federal agents acting under color of federal law.); *see also F.D.I.C. v. Meyer,* 510 U.S. 471, 486, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994).

**III.    CONCLUSION**

Plaintiff's complaint states a colorable claim for delayed medical care under the Eighth Amendment and may proceed as to that claim against the Henderson Detention Center Medical Staff.

IT IS THEREFORE ORDERED that the Second Amended Complaint (dkt. no. 8) may proceed on the Eighth Amendment Claim for delayed medical care against the Henderson Detention Center Medical Staff. Counts I and II, alleging violations of the Fourteenth and Eighth Amendments are DISMISSED WITH PREJUDICE. I.C.E is DISMISSED as a defendant.

1       IT IS FURTHER ORDERED that the Clerk of Court shall issue summons for defendant Henderson Detention Center Medical Staff and deliver same, along with one copy of the complaint, to the U.S. Marshal for service.  The Clerk shall send to plaintiff one (1) USM-285 forms, one (1) copy of the complaint and one (1) copy of this order. Plaintiff shall have twenty (20) days in which to furnish to the U.S. Marshal the required USM-285 forms.  Within twenty (20) days after receiving from the U.S. Marshal a copy of the USM-285 forms showing whether service has been accomplished, plaintiff must file a notice with the Court identifying which defendants were served and which were not served, if any. If plaintiff wishes to have service again attempted on an unserved defendant, then a motion must be filed with the Court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant(s), or whether some other manner of service should be attempted.

IT IS FURTHER ORDERED that, henceforth, plaintiff shall serve upon defendants, or, if an appearance has been made by counsel, upon their attorney(s), a copy of every pleading, motion, or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for defendants.  If counsel has entered a notice of appearance, the plaintiff shall direct service to the individual attorney named in the notice of appearance, at the address stated therein. The Court may disregard any paper received by a district judge or a magistrate judge that has not been filed with the Clerk, and any paper which fails to include a certificate showing proper service.

DATED THIS 30th day of April 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE